UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CHARLES ANTHONY WEHAUSEN,<br>a/k/a TONY WEHAUSEN<br><br>   Defendant. | Criminal Action No. 07-251 (CKK)<br><br>**FILED**<br><br>OCT **2 3** 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(October 23, 2007)

The matter presently before the Court concerns the above-named Defendant's right to a

speedy trial.  On September 28, 2007, the above-named Defendant was indicted on Conspiracy to

Defraud the United States, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341; Honest Services

Fraud, 18 U.S.C. § 1346; and Aiding and Abetting such acts, 18 U.S.C. § 2.  Defendant was

arraigned on October 5, 2007.  A status hearing was held before this Court on October 23, 2007,

at which Defendant and counsel for the parties were present.  After the Court raised the issue of

compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161, the parties asked the Court

to grant a continuance and exclude the resulting delay within which the above-referenced case

must proceed to trial.  For the reasons set forth below, the Court shall grant a continuance until

December 3, 2007, the date of the Court's next status hearing.[1]

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within

---

[1] The October 23, 2007 discussion on the record is incorporated herein as part of this Order.

1

seventy days from the filing date (and making public) of the information or indictment, or from

the date the defendant has appeared before a judicial officer of the court in which such charge is

pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the

exclusion of

> any period of delay resulting from a continuance granted by any judge on his own
> motion or at the request of the defendant or his counsel or at the request of the
> attorney for the Government, if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking such action outweigh the best
> interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often

called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter*

*alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the

defendant or the Government continuity of counsel, or would deny counsel for the defendant or

the attorney for the Government the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus

"gives the district court discretion – within limits and subject to specific procedures – to

accommodate limited delays for case-specific needs." *Zedner v. Unites States*, --- U.S. ---, 126 S.

Ct. 1976, 1985 (2006).

The parties agree that in order for the above-captioned case to proceed to trial within

seventy (70) days, the trial would have to commence by December 14, 2007. *See* 8 U.S.C.

§ 3161(c)(1) (requiring trial to commence within 70 days). Based on an evaluation of the factors

described in §§ 3161(h)(8)(A), (B)(iv), the Court finds it is appropriate to grant a continuance

until December 3, 2007, the next status hearing date, to serve the ends of justice.

First, the Government informed the Court at the Status Hearing that it has approximately

30 boxes of discovery available for inspection and copying. The Government indicated that these 30 boxes include various interviews, affidavits, and statements made by Defendant, as well as approximately 7 boxes of bank records that Defendant's counsel may need to review. Defendant's counsel entered his first appearance in this case on October 23, 2007, the date of the Court's Status Hearing. Counsel will require time to get up to speed in this case and to review the 30 boxes of discovery. Defendant's counsel also indicated that he would need time to discuss the discovery and other matters with his client, as well as discuss the possibility of a plea agreement with the Government. Defendant's counsel requested approximately 45 days to perform these and related tasks. Given the existence of voluminous and detailed discovery, as well as the circumstances surrounding counsel's recent appearance, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

Second, it appears that the requested continuance serves the ends of justice because "failure to grant such a continuance . . . would unreasonably deny the defendant . . . continuity of counsel." 18 U.S.C.§ 3161(h)(8)(B)(iv). Defendant's counsel indicated at the Status Hearing that he has a busy trial schedule until December, and that he requires approximately 45 days to review the Government's discovery material and fulfill his related obligations to his client. Although Defendant possesses the right to a speedy trial, *see* 18 U.S.C. § 3161, the Supreme Court has also made clear that defendants have the right to counsel of their choosing. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006) (holding that the Sixth Amendment grants a criminal defendant the right to "be defended by the counsel he believes to be best"). Under such

3

circumstances, the Court concludes that the ends of justice are served by allowing Defendant to continue with the counsel of his choice. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule).

Finally, the Court concludes that the ends of justice served by granting a continuance outweighs "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, the Government does not oppose the continuance nor does it suggest that it would suffer any prejudice as a result of such delay. For the reasons set forth above, the Court concludes that a continuance until Dec. 3, 2007, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 23rd day of October, 2007, hereby

**ORDERED** that the Court shall grant a continuance until December 3, 2007, resulting in a delay that shall be excluded from computing the time within which trial must start; and it is further

**ORDERED** that the next status hearing in this matter is set for December 3, 2007, at 9:00 A.M.

**SO ORDERED**.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge