UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES ANTHONY WEHAUSEN,
a/k/a TONY WEHAUSEN

Defendant.

Criminal Action No. 07-251 (CKK)

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**
(December 3, 2007)

The matter presently before the Court concerns the above-named Defendant's right to a speedy trial. On September 28, 2007, Defendant was indicted on Conspiracy to Defraud the United States, 18 U.S.C. § 371; Mail Fraud, 18 U.S.C. § 1341; Honest Services Fraud, 18 U.S.C. § 1346; and Aiding and Abetting such acts, 18 U.S.C. § 2. Defendant was arraigned on October 5, 2007. A status hearing was held before this Court on October 23, 2007, at which Defendant and counsel for the parties were present. After the Court raised the issue of compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161, the parties asked the Court to grant a continuance and exclude the resulting delay within which the above-referenced case must proceed to trial. The Court granted a continuance from October 23, 2007 until December 3, 2007, the date of the status hearing set by the Court. *See* [5] Order dated Oct. 23, 2007. At the December 3, 2007 status hearing, the Parties requested an additional continuance of Defendant's right to a speedy trial until the Court's next status hearing set for January 14, 2007. For the reasons set forth below, the Court shall grant a continuance until January 14, 2007.

1

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). To decide whether to grant a continuance under § 3161(h)(8)(A) (often called an "ends-of-justice" continuance), the Act further requires the judge to consider, *inter alia*, "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv). Section 3161(h)(8) thus "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, 546 U.S. 489, 126 S. Ct. 1976, 1985 (2006).

The parties agreed at the October 23, 2007 status hearing that in order for the above-captioned case to proceed to trial within seventy (70) days, the trial would have to commence by December 14, 2007. *See* 8 U.S.C. § 3161(c)(1) (requiring trial to commence within 70 days). Based on an evaluation of the factors described in §§ 3161(h)(8)(A), (B)(iv), the Court finds it is appropriate to grant a continuance until January 14, 2007, the next status hearing date, to serve

the ends of justice.

First, Defendant's counsel informed the Court that the Government has provided approximately 55,000 to 60,000 pages of documents, of which Defendant's counsel has reviewed approximately two-thirds. The Government also informed the Court that it has turned over approximately 27 electronic disks of material, some of which includes complex bank records. Both Parties agreed that review of this material would take additional time to complete. Additionally, the Parties informed the Court that they are engaged in ongoing plea discussions that might result in a resolution of the case prior to trial. Parties requested additional time to continue these discussions. Given the existence of this complex and voluminous discovery, and given the Parties' desire to engage in additional plea discussions, the Court finds that failure to grant a continuance would "unreasonably deny . . . counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

Second, it appears that the requested continuance serves the ends of justice because "failure to grant such a continuance . . . would unreasonably deny the defendant . . . continuity of counsel." 18 U.S.C.§ 3161(h)(8)(B)(iv). Defendant's counsel previously informed the Court that he has a busy trial schedule in December. It is apparent that Counsel also requires additional time to inspect the discovery produced by the Government and to engage in additional discussions with the Government concerning his client. Although Defendant possesses the right to a speedy trial, *see* 18 U.S.C. § 3161, the Supreme Court has also made clear that defendants have the right to counsel of their choosing. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006) (holding that the Sixth Amendment grants a criminal defendant the right to

"be defended by the counsel he believes to be best"). Under such circumstances, the Court concludes that the ends of justice are served by allowing Defendant to continue with the counsel of his choice. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule).

Finally, the Court concludes that the ends of justice served by granting a continuance outweigh "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, both Parties support the continuance, and neither suggests that the delay would create any prejudice. For the reasons set forth above, the Court concludes that a continuance until January 14, 2007, is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 3rd day of December, 2007, hereby

**ORDERED** that the Court shall grant a continuance until January 14, 2007, resulting in a delay that shall be excluded from computing the time within which trial must start; and it is further

**ORDERED** that the next status hearing in this matter is set for January 14, 2007, at 4:00 P.M., in courtroom 28A before this Court.

**SO ORDERED.**

                                                                          /s/
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge