

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W*
*Washington, D.C  20001*

January 29, 2008

Mallon Snyder, Esq.
107 North Adams Street
Rockville, Maryland 20850

**FILED**

**FEB 1 1 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    Charles Anthony Wehausen
          CR 07-251

Dear Mr. Snyder:

      This letter sets forth the full and complete plea offer to your client, Mr. Wehausen. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on January 29, 2008. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Wehausen agrees to plead guilty to Count One of the Indictment charging a violation of Title 18, United States Code, Section 371 (Conspiracy to commit mail fraud). In addition, Mr. Wehausen agrees to waive indictment and plead guilty to a U.S. Attorney's Information charging him with a violation of Title 26, United States Code, Section 7201 (Tax evasion). It is understood that the guilty pleas will be based on a factual admission of guilt to the offenses charged to be made before the Court by Mr. Wehausen and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The government will move to dismiss the remaining counts of the Indictment at sentencing.

    2. **Potential penalties, assessments, and restitution**: Mr. Wehausen understands that the maximum sentence that can be imposed for the conspiracy violation is five years imprisonment, a fine of $ 250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Mr. Wehausen understands that the maximum penalty that can be imposed for the tax evasion violation is five years imprisonment, a fine of $ 250,000 , or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Wehausen understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (November 1, 2002) (hereinafter "Sentencing Guidelines"). Mr. Wehausen understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the

Court will impose. Mr. Wehausen further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Wehausen's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The parties agree that the following Guideline Sections apply:

**Conspiracy to commit mail fraud**

| | | |
|---|---|---|
| §2. | 2B1.1 | |
| | (a) Base Offense Level | 6 |
| | (b) Loss- at least $167,209, but less than $400,000- (see outstanding guidelines issues below) | 10 or 12 |
| §3 | 3B1.1 (a) Organizer/Leader | 4 |
| | TOTAL | 20 or 22 |

**Tax evasion**

| | | |
|---|---|---|
| §2 | 2T1.1 & 2T4.1 | |
| | (a)(1) Base offense level, tax loss $55,260 | 14 |
| | (b)(1) failure to report income of more than $10,000/yr. from criminal activity | 2 |
| | TOTAL | 16 |

**Acceptance of Responsibility**

| | | |
|---|---|---|
| §3 | 3E1.1(b) Acceptance of Responsibility | -3 |

2

**Outstanding Guidelines Issues**

Both parties agree that the loss attributable to the defendant's participation in the conspiracy to commit mail, pursuant to §2B1.1, is at least $167,209. The parties reserve the right to introduce evidence at the time of sentencing concerning the issue of loss in excess of $167,209. In addition, the government believes that the conspiracy and tax offenses are not subject to grouping and that the defendant is subject to a 2 level sentencing enhancement pursuant to §3D1.4. The defendant reserves the right at sentencing to argue that the conspiracy and tax offenses should be grouped and that his sentencing level should not be increased by §3D1.4. The defendant understands that based on the Court's determination of the outstanding guidelines issues referenced in this paragraph, his offense level total with acceptance of responsibility could be as low as level 17 or as high as level 21.

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.    **Financial Arrangements:** Mr. Wehausen agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $200.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Wehausen agrees to pay full restitution pursuant to 18 U.S.C. Sections 3663 and 3663A, in a total amount equal to the defendant's sentencing loss as determined by the Court at the time of sentencing, but in no event less than $167,209, to be joint and several with any restitution orders issued against other co-conspirators arising from the fraudulent activities described in the accompanying statement of offense.

Mr. Wehausen also agrees to pay to the Internal Revenue Service restitution of approximately $55,260 relating to taxes evaded on income directly received by Mr. Wehausen in the course of the fraudulent activities described in the accompanying statement of offense. Mr. Wehausen further agrees to cooperate fully with the Internal Revenue Service in the ascertainment, computation and collection and payment of his correct federal income tax liability for the years 2001, 2002 and 2003. To that end, he will file corrected tax returns with the Internal Revenue Service for the 2001, 2002 and 2003 tax years prior to the sentencing. Mr. Wehausen also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5.    **Forfeiture:** Mr. Wehausen agrees, pursuant to 18 U.S.C. § 981, 28 U.S.C. §2461 and Fed.R.Crim.P. 32.2(b)(1) to the criminal forfeiture of his interest in the property described in the forfeiture allegation of the Indictment, namely, any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of mail fraud and/or property used, or intended to be used, to commit, or promote mail fraud, and agrees to the entry of a money judgment of forfeiture in a total amount equal to the defendant's sentencing loss as determined by the Court at the time of

sentencing, but in no event less than $167,209. Further, Mr. Wehausen agrees not to contest the administrative forfeiture or disposition of the aforementioned property if such administrative forfeiture or other disposition proceedings are initiated by a law enforcement agency. Mr. Wehausen acknowledges and agrees that the Government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of his assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6. **Cooperation:** Mr. Wehausen agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the General Services Administration, Office of Inspector General, the Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigations Division. Specifically, Mr. Wehausen agrees:

a.  to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b.  to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c.  to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d.  not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e.  not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

f.  to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

g.  to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

7. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Wehausen's release pending sentencing, agrees not to oppose a -3-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b), agrees not to oppose Mr. Wehausen voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Wehausen continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs

in this agreement, the United States will not bring any additional criminal charges against Mr. Wehausen in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the kickbacks outlined in the Information. This agreement not to prosecute Mr. Wehausen does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Wehausen.

8. **Departure Committee:** At the time of Mr. Wehausen sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Wehausen to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mr. Wehausen to the United States. If the Departure Committee determines that Mr. Wehausen has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Mr. Wehausen understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Wehausen further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

9. **Court is not bound:** Mr. Wehausen understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Wehausen's criminal activities, subject to the provisions of the following paragraph.

The United States and Mr. Wehausen hereby agree that since Mr. Wehausen has agreed to cooperate with the United States, information provided by Mr. Wehausen shall not be held against him, except as follows (see Sentencing Guidelines Section 1B1.8):

    a.    information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Wehausen;

    b.    in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

      c.      if there is a breach of this agreement by Mr. Wehausen, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Mr. Wehausen to impeach him at any subsequent proceeding.

If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

11.    **Breach of Agreement:** If Mr. Wehausen fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mr. Wehausen should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Wehausen release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Wehausen will not have the right to withdraw the guilty plea; (c) Mr. Wehausen shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice~~, and (d) the United States will be free to use against Mr. Wehausen, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Wehausen waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made~~. *JPG. ✓ MW*

12.    In the event of a dispute as to whether Mr. Wehausen has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Wehausen has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Wehausen so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Wehausen's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

13.     **Presence of Counsel**: At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Wehausen shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14.     **USAO's Criminal Division Bound**: Mr. Wehausen understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Wehausen.

15.     **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Wehausen, Mr. Wehausen's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Wehausen may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Wehausen and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: JOHN D. GRIFFITH
Assistant United States Attorney

7

I have read this plea agreement and have discussed it with my attorney, Mallon Snyder, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/29/08

Charles Anthony Wehausen
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/29/09

Mallon Snyder, Esquire
Attorney for the Defendant